IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE PALOMINO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | 3-06-CV-0932-M |
| | § | |
| DANIEL WRAY MILLER and CITY OF IRVING, TEXAS, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Abstain and to Remand, filed on June 20, 2006. For the reasons set forth below, the Court **DENIES** the Motion.

Background

Plaintiff Jose Palomino ("Palomino") filed a lawsuit in County Court at Law No. 2 in Dallas County against Defendants Daniel Wray Miller ("Miller") and the City of Irving, alleging violations of both state and federal law. Palomino claims that Miller, a police officer for the City of Irving, used excessive force while arresting him during a routine traffic stop. Palomino also alleges that the City of Irving is vicariously liable for Miller's actions and is also liable for other negligent actions, including the failure to adequately train and monitor Miller.

Defendants removed this case to the Northern District of Texas under 28 U.S.C. § 1441(b), asserting federal question jurisdiction based on Palomino's pleading a claim under 42 U.S.C. § 1983. Palomino subsequently filed its Motion to Abstain and to Remand, asking this Court to remand the

1

entire case to state court, or, in the alternative, to remand all matters in which Texas law predominates.

Standard of Review

Under 28 U.S.C. § 1441(c), the Court may, in its discretion, remand a claim that is: "(1) a separate and independent claim or cause of action; (2) joined with a federal question; (3) otherwise non-removable; and (4) a matter in which state law predominates." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 104 (5th Cir. 1996). In construing the first requirement of this four-part test, the Supreme Court has held that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under [section] 1441(c)." *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951). Further, the Fifth Circuit has held that claims are not independent if they involve substantially the same facts. *Eastus*, 97 F.3d at 104. "[A] case involving the violation of a single primary right or wherein a party seeks redress for one legal wrong cannot contain separate and independent claims, despite multiple theories of liability against multiple defendants." *Texas v. Walker*, 142 F.3d 813, 817 (5th Cir. 1998).

As a general rule, a district court may only remand a case on grounds supported by statutory authority. *See Buchner v. F.D.I.C.*, 981 F.2d 816, 820 (5th Cir. 1993). However, the Supreme Court has created one exception to this general rule, holding that in a case in which all federal claims were dropped and only state claims remained, "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

2

Further, a district court should utilize this discretionary power in a "manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Id.* If the requirements of 28 U.S.C. § 1441(c) are not met, *Carnegie-Mellon* provides this Court with its only alternative power to remand this case to state court.

Analysis

*I. Remand Based on 28 U.S.C. § 1441(c).*

Defendants argue that remand is not proper under 28 U.S.C. § 1441(c) because Palomino's claim under 42 U.S.C. § 1983 is not "separate and independent" from his state law claims. This Court agrees. All of the Plaintiff's claims arise from a single event: Miller's alleged use of excessive force against Palomino during a traffic stop. At trial, the state and federal claims would be proven by substantially the same facts. *See Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 104 (5th Cir. 1996). Further, Palomino seeks recovery for a single legal wrong against him and uses several different theories of liability to obtain relief for this one wrong. *See Texas v. Walker*, 142 F.3d 813, 817 (5th Cir. 1998). Plaintiff's claims are therefore not "separate and independent" within the meaning of 28 U.S.C. § 1441(c).

While the Fifth Circuit has not decided any factually similar cases involving excessive force, other circuit courts have considered such actions. In a Third Circuit case in which two plaintiffs brought suit under state statutes and 42 U.S.C. § 1983 alleging that mall security guards assaulted and falsely arrested them, the court held that the plaintiffs "rel[ied] on the same series of events for all counts of their complaint, including the federal § 1983 count," so the federal claim was not separate and independent and thus remand was not proper. *Borough of West Mifflin v. Lancaster*,

45 F.3d 780, 787 (3d Cir. 1995).  In another case decided by the Seventh Circuit Court of Appeals, the plaintiffs claimed that they were beaten and falsely arrested by Chicago police officers, and they brought an action under state and federal law, including 42 U.S.C. § 1983.  *Montano v. City of Chicago*, 375 F.3d 593, 595-96 (7th Cir. 2004).  The court stated in dicta that if the case had "reached federal court through removal, it is doubtful that the court would have had the authority to remand only the state claims, because they are not 'separate and independent'" under 28 U.S.C. § 1441(c).  *Id.* at 600.  In both of these cases, as in the case at bar, the plaintiffs brought actions with multiple claims under both state and federal law for a single occurrence involving excessive force and false arrest.  As in those cases, this Court finds that remand is not proper because the Plaintiff's claims are not separate and independent.[1]

*II. Remand Based on* Carnegie-Mellon*.*

In *Carnegie-Mellon*, all federal claims had been extinguished and only state law claims remained.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  Since a federal claim still exists in the present case, *Carnegie-Mellon* is not applicable here.

Additionally, the Fifth Circuit has recognized that discretionary remand of properly removed federal claims is not appropriate under the reasoning of *Carnegie-Mellon*.  The Fifth Circuit Court of Appeals noted that *Carnegie-Mellon* should be read as a narrow exception to the general rule that remand is not proper unless statutorily authorized.  *Buchner v. F.D.I.C.*, 981 F.2d 816, 820 (5th Cir. 1993).  The court went on to hold that because federal question jurisdiction is not discretionary, the

---

[1] Because the Court has found that the Plaintiff's claims are not separate and independent as required by 28 U.S.C. § 1441(c), the Court does not reach the question of whether state law claims predominate over the federal claims.

district court could not remand existing federal claims to state court. *Id.*; *see also Stephens v. LJ Partners*, 852 F. Supp. 597, 599-600 (W.D. Tex. 1994) (holding that "*Carnegie-Mellon* does not apply in situations where the district court still has jurisdiction over federal causes of action"). The Court does not have discretion under *Carnegie-Mellon* to remand Plaintiff's properly removed federal claims.

### IV.  CONCLUSION

For the reasons discussed above, the Court holds that remand is not proper under either 28 U.S.C. §1441(c) or *Carnegie-Mellon.* The Court **DENIES** Plaintiff's Motion to Abstain and to Remand.

**SO ORDERED.**

**DATED:** September 14, 2006.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**