IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE PALOMINO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3-06-CV-0932-M |
| | § | |
| DANIEL WRAY MILLER and CITY | § | |
| OF IRVING, TEXAS, | § | |
| | § | |
| Defendants. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court are Defendant City of Irving's Motion to Dismiss and Plaintiff's Motion

for Leave to File First Amended Complaint.  Having considered the motions, briefs, and

supporting evidentiary submissions of all parties, and for the reasons set forth below, the Court

concludes that Plaintiff has failed to show good cause for the modification of the Scheduling

Order and therefore **DENIES** Plaintiff's Motion for Leave to File First Amended Complaint.

The Court also finds that Plaintiff has failed to state a claim upon which relief may be granted

against Defendant City of Irving and therefore **GRANTS** Defendant's Motion to Dismiss and

**DISMISSES** all claims against Defendant City of Irving.


<u>Background</u>

Plaintiff filed his Original Petition[1] against Defendants Daniel Wray Miller and City of

Irving on April 21, 2006, in Dallas County Court, asserting claims based on an alleged incident

---

[1] Since Plaintiff filed his case in state court, his operative complaint is titled "Original Petition."

1

of policy brutality that followed a traffic stop on January 5, 2005.  Defendant City of Irving

removed the case to this Court on May 25, 2006.  The Court entered a scheduling order in the

case on August 17, 2006, setting a deadline of October 16, 2006, for the filing of any amended

pleadings.

Defendant City of Irving filed its Motion to Dismiss for failure to state a claim on January

30, 2007.  On March 2, 2007, Plaintiff filed his Response to Defendant's Motion, as well as a

Motion for Leave to File First Amended Complaint.  In his proposed Amended Complaint,

Plaintiff adds a new theory of liability against Defendant.


<u>Plaintiff's Motion for Leave to File Amended Complaint</u>

I.  Standard

Because Plaintiff filed his Motion after the deadline for amendment of pleadings in this

Court's Scheduling Order, the standard in Federal Rule of Civil Procedure 16(b), rather than the

more lenient standard given in Rule 15(a), applies here.  Rule 16(b) provides that a scheduling

order "shall not be modified except upon a showing of good cause and by leave of the district

judge."  To establish "good cause," the moving party must "show that the deadlines cannot

reasonably be met despite the diligence of the party needing the extension."  *S&W Enters., L.L.C.*

*v. Southtrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003).

II.  Analysis

Plaintiff has failed to establish good cause for the Court to modify its Scheduling Order

here.  The only reason that Plaintiff gives for failing to amend his pleadings in a timely manner is

that "Plaintiff did not learn of the customs, policies, and practices of Defendant City of Irving

2

which are the basis of his proposed First Amended Complaint until his attorneys received in discovery in this case the February 9, 2005 decision of the Chief of Police for the Irving Police Department's decision suspending Defendant Daniel Wray Miller for disciplinary reasons for an indefinite period of time." Plaintiff's Reply Brief at 3. This reason is inadequate. First, Plaintiff received a copy of the Chief of Police's letter as an exhibit to City of Irving's Objections and Answers to the Plaintiff's First Set of Interrogatories, served on Plaintiff on July 26, 2006. Plaintiff has offered no reason why he could not have timely amended his pleadings given this disclosure nearly three months before the deadline in the Scheduling Order, which was October 16, 2006. Second, Plaintiff wholly fails to explain how the letter, which explains why Defendant Miller was indefinitely suspended from his duties, put him on notice of the City's actionable customs, policies, and practices, since the letter addresses Miller's role in the incident, not the City's customs, policies, and practices.

The Fifth Circuit uses a four-part test to determine if a district court abused its discretion in denying leave to amend pleadings for failure to show good cause under Rule 16(b). The Circuit considers (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enters.,* 315 F.3d at 536. Three of these factors weigh against Plaintiff here.

First, Plaintiff's failure to state an adequate basis for his failure to amend is "tantamount to no explanation at all." *Id.* Plaintiff's stated reason for filing his Motion now is to avoid dismissal of his complaint. *See* Plaintiff's Reply at 2 ("Plaintiff must be granted leave of this Court to file his First Amended Complaint so he can demonstrate that Defendant City of Irving's

3

Motion to Dismiss should be denied."). A court in this district weighed this first factor against a plaintiff who filed a motion for leave to amend to assert a new theory of liability in response to a motion to dismiss. *See Baylor Univ. Med. Ctr. v. Epoch Group, L.C.*, No. 3:03-CV-2392-G, 2005 WL 2124126 (N.D. Tex. Sept. 1, 2005). This Court likewise weighs this factor against the Plaintiff.

Given that Plaintiff's proposed amended pleading adds an entirely new theory of liability to his case, Defendant City of Irving would be prejudiced by the amendment. The City would need to undertake additional discovery to prepare a defense to these new claims, and the Court would need to reopen the discovery period, which ended pursuant to the Court's Scheduling Order on May 18, 2007. This extension would result in a concatenation of requests for extensions and continuances, since the deadline for filing of dispositive motions and the trial date in this case, which is now set for October 15, 2007, are quickly approaching. However, it is within this Court's discretion to deny such continuances given "the district judges' power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *S&W Enters.*, 315 F.3d at 537.

The only factor potentially weighing in Plaintiff's favor here is the importance of the amendment, since Plaintiff has failed to state a claim for which relief may be granted against the City of Irving in his Original Petition. However, Plaintiff's lack of diligence in timely amending his complaint undercuts the importance of the amendment. *Baylor Univ. Med. Ctr.*, 2005 WL 2124126 at *8. Also, Plaintiff may still pursue his claims against the remaining Defendant, Daniel Wray Miller, so the Court's denial of his Motion is not fatal to his case.

4

Defendant's Motion to Dismiss

I.  Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In considering a Rule 12(b)(6) motion, the complaint must be liberally construed in favor of the plaintiff, and all well-pled facts in the complaint must be taken as true.  *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1964–65 (2007) (citations omitted).  Factual allegations must be enough to raise a right to relief above the speculative level.  *Id.*  In deciding a motion to dismiss, the Court does not evaluate the plaintiff's likelihood of success; the Court only determines whether the plaintiff has stated a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

II.  Analysis

Defendant City of Irving moves for dismissal on the grounds that Plaintiff has failed to state a federal claim under 42 U.S.C. § 1983 because the City cannot be held liable under a theory of vicarious liability, because Plaintiff has not asserted that the City violated any of his federally secured rights, and because Plaintiff has failed to claim that there was a custom, policy, or practice of the City, the application of which served as the moving force behind the alleged violation of his constitutional rights.  The City also moves for dismissal because Plaintiff has

5

failed to state a state law claim upon which relief can be granted because the City is immune

from liability, and has failed to state a claim under the Texas Constitution or the Texas Penal

Code.

Plaintiff does not respond substantively to Defendant's Motion, relying exclusively on his

proposed First Amended Complaint.[2]  Because this Court has denied Plaintiff leave to file his

First Amended Complaint and because Plaintiff has conceded that he has not stated a claim for

relief against the City in his Original Petition, the Court finds that the Defendant's Motion is well

taken and that there are no set of facts in support of Plaintiff's claims that would entitle him to

relief.


## Conclusion

The Court finds that Plaintiff has failed to show good cause for the modification of the

Scheduling Order and therefore **DENIES** Plaintiff's Motion for Leave to File First Amended

Complaint.  The Court also finds that Plaintiff has failed to state a claim upon which relief may

be granted against Defendant City of Irving and therefore **GRANTS** Defendant's Motion to

Dismiss and **DISMISSES** all claims against Defendant City of Irving.

---

[2] The only other argument Plaintiff makes in his Response is that the law firm representing the City of Irving is prohibited from representing that party because one of the law firm's attorneys, Paul K. Pearce, "effectively acted as the attorney for Plaintiff at the December 20, 2006 administrative hearing before the City's Civil Service Commission and/or third party hearing examiner on Defendant Daniel Wray Miller's appeal of his indefinite suspension by Defendant City of Irving."  Plaintiff's Response at 1.  Defendant City of Irving attaches correspondence to its Reply that makes clear that Mr. Pearce was not acting as Plaintiff's attorney, but as the City's attorney, during that hearing, and that Plaintiff's counsel agreed that Plaintiff would voluntarily appear as a witness at the hearing.  The Court finds that the City's counsel is not prohibited from representing the City in this action, based on Texas Disciplinary Rule of Professional Conduct 1.06(f).

**SO ORDERED.**

**DATED:** June 7, 2007.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS